| | | |
|---|---|---|
| STATE OF INDIANA ) | | IN THE GRANT SUPERIOR COURT |
| ) SS: | | **27D01-2001-CT-000009** |
| COUNTY OF GRANT ) | | CAUSE NO._____ |

JEFFREY ZAHALKA,                )
                                )
      Plaintiff,              )
                                )
v.                              )
                                )
WEAVER POPCORN                  )
MANUFACTURING, INC.,            )
                                )
      Defendant(s).           )

## COMPLAINT

Plaintiff, by counsel, alleges against Defendant as follows:

1. The Plaintiff is Jeffrey Zahalka, a qualified employee of the Defendant who performed within the reasonable expectations of his employer at all times material to this Complaint. Plaintiff contends that he was discriminated against and retaliated against on the basis of his disability/perceived disability/record of impairment in violation of his federally protected rights under the Americans With Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* (the "ADA").

2. The Defendant is Weaver Popcorn Manufacturing, Inc., a company doing business at 408 W. Landess St., Van Buren, IN 46991. Defendant is an "employer" for the purposes of the ADA. Plaintiff was placed into a position at Weaver Popcorn by Spherion Staffing Services, and both Defendant and Spherion Staffing Services controlled the terms, benefits, and conditions of Plaintiff's employment as joint employers.

–1–

3. Plaintiff filed his Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about April 18, 2019, a copy of which is attached hereto, incorporated herein, and made a part hereof as "Ex. A." The EEOC issued its Dismissal and Notice of Rights on October 30, 2019, a copy of which is attached hereto and made a part hereof as "Ex. B." All jurisdictional requirements have been met and all administrative remedies have been exhausted for the filing of this Complaint.

4. Plaintiff worked for the Defendant from on or about October 22, 2018 until his wrongful termination on or about February 20, 2019. At the time of separation from employment Plaintiff was a full-time machine operator.

5. Plaintiff suffers from a seizure disorder which is controlled by medications. In November 2018 Plaintiff experienced a mild seizure while at work and was sent home for the day. Plaintiff was allowed to return to work the next day without incident.

6. On or about January 17, 2019, Plaintiff was promoted from "support staff" to "machine operator" by Defendant.

7. On February 11, 2019, while Plaintiff was performing his duties as an operator, he suffered a seizure that resulted in a fall from a ladder. The fall left him with a laceration on his forehead that required stitches. Plaintiff went to the hospital where he received the necessary medical care, and the doctor ordered Plaintiff off of work to recover for 2-3 days. Plaintiff notified Defendant of his orders.

8. On February 19, 2019, Defendant sent Plaintiff to a doctor (at MGH Express) to obtain clearance to return to work. Plaintiff was issued a "Return to Work" form that identified he may return to work with no restrictions. Plaintiff was then told by Spherion Staffing (the agency through whom he obtained his position) to wait for clearance from Defendant before returning to work.

9. Instead of being returned to work, Plaintiff was notified days later by an agent of Spherion Staffing that Defendant did not want him back, and that Defendant believed he was a safety risk because of his medical condition, that it was his fault he had fallen, and that Defendant "didn't want him getting hurt."

10. Plaintiff contends that at the time of his termination by Defendant, there were other positions open that Plaintiff was qualified to perform that did not require using a ladder or heavy machinery. Plaintiff requested that, in the alternative to termination he be allowed the reasonable accommodation of alternate placement, but his request was denied.

11. Plaintiff contends that Defendant failed to engage in the interactive process, failed to provide reasonable accommodations, and discriminated against and retaliated against him on the basis of his disability/perceived disability/record of impairment in violation of his rights under the ADA.

12. Defendant's discriminatory and retaliatory conduct was the direct and proximate cause of Plaintiff suffering the loss of his job and job-related benefits, such as income, and subjected him to emotional distress, inconvenience, mental anguish,

embarrassment, and other damages and injuries. Plaintiff is entitled to compensatory damages.

13. Furthermore, the Defendant's discriminatory and retaliatory conduct was intentional, knowing, willful, wanton, and in reckless disregard of Plaintiff's federally protected rights under the ADA, warranting an imposition of punitive damages.

WHEREFORE, Plaintiff prays for judgment against the Defendant for compensatory damages, punitive damages, reasonable attorney's fees and costs, and all other just and proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**LAW OFFICE OF JENNIFER L. HITCHCOCK**

/s/ Jennifer L. Hitchcock
Jennifer L. Hitchcock, #34635-02
116 E. Berry Street, Suite 1110
Fort Wayne, IN 46802
Telephone:   (260) 240-4644
Facsimile:   (260) 444-3441
E-mail:   Jennifer@jhitchcocklaw.com
Attorney for Plaintiff